# UNITED STATES DISTRICT COURT
for the
Western District of New York

| | |
|---|---|
| United States of America<br>v.<br>**FREDERICK L. POOLE, III,<br>TRYN PARKER, and<br>CHARLES O. WHITFIELD, III**<br><br>*Defendant(s)* | )<br>)<br>) Case No.<br>)     25-MJ-4034<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  In or about 2025 to March 31, 2025  in the county of  Monroe  in the  Western  District of  New York , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. Sections 846, 841(a)(1), (b)(1)(A), (b)(1)(B), (b)(1)(C) | Possession with intent to distribute, and conspiracy and attempt to possess with intent to distribute 400 grams or more of fentanyl, 50 grams or more of methamphetamine, 28 grams or more of cocaine base, and cocaine |
| 18 U.S.C. Section 922(g)(1) | Possession of a firearm by a convicted felon |
| 18 U.S.C. Section 924(c)(1)(A)(i) | Possession of a firearm in furtherance of a drug trafficking crime |

This criminal complaint is based on these facts:

See the attached affidavit of HSI Special Agent Aaron Kraham.

☑ Continued on the attached sheet.

Affidavit and Complaint submitted electronically by email in .pdf format. Oath administered, and contents and signature, attested to me as true and accurate telephonically pursuant to Fed. R. Crim. P. 4.1 and 4(d) on:

*Complainant's signature*

Aaron Kraham, HSI Special Agent
*Printed name and title*

Date: April 4, 2025

*Judge's signature*

City and state: Rochester, New York

Hon. Colleen D. Holland, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

        v.                                      25-MJ-4034

FREDERICK L. POOLE, III,
TRYN PARKER, and
CHARLES O. WHITFIELD, III,

                Defendants.

_____

STATE OF NEW YORK  )
COUNTY OF MONROE  )    SS:
CITY OF ROCHESTER  )

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, AARON M. KRAHAM, being duly sworn, depose and state:

1. I am a Special Agent with the Department of Homeland Security (DHS), Homeland Security Investigations (HSI), and have been so employed since March 2022. I am currently assigned to the HSI Rochester office. My responsibilities include investigating violations of federal and state criminal laws, including crimes involving the unlawful possession of firearms and ammunition and the unlawful possession with intent to distribute controlled substances.

2. I submit this affidavit in support of a criminal complaint charging FREDERICK L. POOLE III, TRYN PARKER, and CHARLES O. WHITFIELD III with violating Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), (b)(1)(B), (b)(1)(C) and 846 (possession with intent to distribute, and conspiracy to possess with intent to distribute 400 grams or more of fentanyl, 50 grams or more of methamphetamine, 28

grams or more of cocaine base and cocaine) and with violating Title 18, United States Code, Sections 924(c)(1)(A)(i) and 922(g)(1) (possession of a firearm in furtherance of drug trafficking and possession of a firearm by a convicted felon) between in or about 2025 and on or about March 31, 2025.

3.  As more fully described below, the facts in this affidavit are based on, among other things, a review of reports and documents completed by law enforcement agencies and conversations with other law enforcement officers assigned to this investigation, including members of HSI, the Rochester Police Department (RPD), and the Monroe County Sheriff's Office (MCSO), among other agencies, a review of covert camera surveillance footage, public and restricted records checks, information from reliable confidential sources, and evidence located and seized during the execution of court-authorized search warrants. The conclusions drawn in this affidavit are based on my training and experience as well as the advice of other experienced federal, state and local narcotics investigators. Since this affidavit is being submitted for a limited purpose, I have not included every fact that I know concerning this investigation. Rather, I have only set forth sufficient facts to demonstrate that probable cause exists to believe that the above-named defendants committed the above-described offenses. In support thereof, I respectfully state the following:

## AFFIANT'S BACKGROUND

4.  I have been employed as an HSI Special Agent since January 2022. Prior to my appointment with the HSI Rochester Office, I was employed with the United States Secret Service (USSS) from July 2013 to January 2022. During my tenure with HSI, I have

participated in numerous narcotics investigations during which I have conducted physical and wire surveillance, executed search warrants, and reviewed and analyzed recorded conversations of drug traffickers. Through my training, education, and experience, (including monitoring wiretapped conversations of drug traffickers and conducting surveillance on individuals engaged in drug trafficking) I have become familiar with the manner in which illegal drugs (including cocaine and fentanyl, among others,) are imported, stored, transported, and distributed, as well as methods of payment for such drugs.  I am also familiar with the manner in which proceeds from narcotics trafficking are laundered, and the efforts and strategies drug traffickers will employ to avoid detection by law enforcement.  I am aware of the fact that those who distribute controlled substances often use cryptic, coded or otherwise indirect language when discussing their illegal activities over the telephone.  I am also aware of the fact that drug traffickers will often add adulterants or other additives to their controlled substances to increase the quantity of their distributable product, thereby increasing their profits.  I know that drug traffickers often use firearms in order to protect themselves, their narcotics, and drug proceeds from rival drug traffickers and/or potential robbers.  Therefore, drug traffickers are frequently in possession of firearms for these purposes.

## FACTS ESTABLISHING PROBABALE CAUSE

5. On or about March 31, 2025, members of the Rochester Police Department (RPD) Special Weapons and Tactics (SWAT) team and the Greater Rochester Area Narcotics Enforcement Team (GRANET) executed two state-authorized search warrants at residences in Rochester, NY. The warrants were signed by the Honorable Michael L. Dollinger, Monroe County Court Judge, and authorized the search of 29 Avenue C, Rochester, NY and 186

3

Hollenbeck Street, Rochester, New York.

6.      During the initial entry of 29 Avenue C, SWAT officers encountered a heavily fortified location. They observed plywood screwed into the trim of the interior windows on the first floor of the residence as well as three doors that were fortified with two layers of plywood and metal brackets. A small hole in the southwest entry door was also observed, as well as a surveillance camera system comprised of 6 overt cameras around the exterior of the residence. The upstairs consisted of two bedrooms, neither of which had furniture, but one had a mostly deflated air mattress. Air mattresses were observed in several of the bedrooms on the first floor of the residence, and minimal clothes were in any of the closets. In addition, based on the investigation, I am aware that 29 Avenue C is not POOLE's, WHITFIELD's, nor PARKER's primary residence. Instead, based on my training, experience, the level of structural reinforcements made to the doors and windows, and the security camera system, I believe that 29 Avenue C is what is commonly referred to as a "stash house" or a "gate house", that is, a residence that was being used primarily to distribute narcotics. Additionally, I am aware that individuals selling drugs out of residences often utilize holes or openings in doors and windows to sell drugs to street-level customers, so as to not allow the drug customers into the residence.

7.      During entry, SWAT encountered and took POOLE, PARKER and WHITFIELD into custody in the kitchen area of the residence. After the location was secured and deemed safe, a search team conducted a search of the residence as well as the

occupants.

8.  In the front left pocket of POOLE, investigators located $3,440 in United States currency and keys that opened the handle and deadbolt to the front door of 186 Hollenbeck Street, as well as a key that opened a safe at 186 Hollenbeck Street and which I will provide further details on below. Including the money found on POOLE's person, a total of $5,533 in United States currency was located throughout the residence.

9.  Upon a search of the north bedroom on the first floor, investigators located a green tin canister in plain view on the floor which contained 12 knotted bags weighing approximately 343.2 grams (with packaging) of a substance that later field tested positive for methamphetamine, and approximately 265 grams (with packaging) of a substance that later field tested positive for fentanyl. Located in another green canister was a sandwich bag containing approximately 233.5 grams of a substance that later field tested positive for fentanyl, a Ziploc bag containing 20 brown pop top vials each containing approximately 1 gram of a substance that later field tested positive as fentanyl, a sandwich bag containing 5 blue pop top vials each containing approximately 1 gram of a substance that later field tested for fentanyl, a sandwich bag with 5 blue top vials each containing approximately 1 gram of a substance that later field tested positive as crack cocaine, a knotted sandwich bag containing approximately 5 grams of a substance that later field tested positive as cocaine, a knotted sandwich bag containing 13 grams of a substance that later field tested positive as fentanyl, and 3 red pop top vials containing approximately .1

gram of a substance that later field tested positive as as fentanyl.

10. In the kitchen, investigators located narcotics sales and packaging materials, including a large black and silver digital scale, a box of open sandwich bags, a money counter, and two cell phones.

11. In the first level bathroom, in the toilet bowl, investigators located 12 knotted plastic bags containing cocaine, as well as some loose cocaine, weighing approximately 270 grams of cocaine (with packaging). Upon removing the cocaine from the toilet bowl, a .45 caliber magazine containing 4 live rounds of ammunition was also located. A Springfield Arms .45 ACP semi-automatic handgun bearing serial number S3328222 and loaded with one round in the chamber was also located inside the toilet tank. The magazine located in the toilet bowl fit into the recovered firearm.

12. In the first floor television/living room, inside the bottom drawer of a 3-drawer bin, investigators located a plastic bag containing 7 knotted bags with approximately 16 grams of cocaine in each, and with a total aggregate weight of 111.4 grams, an open box of clear plastic bags, and a clear bag containing 14 brown plastic pop-top vials containing a total of approximately 14 grams of a substance that later field tested as fentanyl. In the top drawer, investigators located a clear bag containing 8 pop-top vials of a substance later field tested as crack cocaine, a ziploc bag containing 26 pop-top vials of a substance that later field tested as crack cocaine, and a ziploc bag that contained 84

pop-top vials of a substance that later field tested as crack cocaine. Each vial was found to contain approximately 0.7 grams of suspected cocaine base, for a total weight of approximately 82.6 grams.

13.   In a closet adjacent to the living room, investigators located a suitcase that contained a large metal press that is commonly used to press loose narcotics into individual bricks weighing one kilogram. The press bore the letters "FYI" that would be stamped into the narcotics upon being pressed. Inside the side pocket of the luggage was a digital scale. Below the suitcase was a plastic tote that contained, among other items, numerous new & unused plastic pop-top vials, cutting agents, and other drug paraphernalia.

14.   The total approximate weight of narcotics located during the search of 29 Avenue C was 474 grams of cocaine, 545.8 grams of fentanyl and 343.2 grams of methamphetamine.

15.   Upon the simultaneous execution of the search warrant at 186 Hollenbeck Street, SWAT encountered a male juvenile inside of the location. The juvenile was released at the conclusion of the search warrant. After the location was secured and deemed safe, a search team executed a search of the residence.

16.   In the upstairs master bedroom of the location, a safe was located.

Investigators forced the safe open and found a black plastic bag containing two vacuum-sealed brick-shaped objects that later field tested as fentanyl and weighed approximately 1,932.3 grams. As I previously mentioned above, the key to this safe was discovered in the pocket of POOLE when his person was searched at 29 Avenue C, Rochester, New York. Also located in a laundry basket inside the master bedroom was a Romarm Mini Draco 7.62mm semi-automatic pistol, bearing serial number PMD1610719RO. The firearm was loaded with a 30-round magazine that contained 16 rounds of 7.62mm ammunition. In a dresser drawer in the master bedroom was POOLE's passport, personal papers and business licenses for "DA GARAGE", a company that was started by POOLE.

17.    Based on my training and experience, the large quantity of drugs and packaging materials found inside both residences are indicative of an intent to distribute controlled substances. Additionally, I am aware that drug dealers often possess firearms to protect themselves and their drug supply from rival drug dealers, among other reasons.

### INTERSTATE NEXUS

18.    I have spoken to ATF Special Agent Justin Schaefer, who is also an ATF Nexus Expert. He has advised me that based upon a description of the Springfield 45 ACP bearing serial number S3328222, and the Romarm Micro Draco bearing serial number PMD1610719RO and he concluded that these firearm were not manufactured in the State of New York, and therefore, by virtue of their presence here, they have traveled in

interstate or foreign commerce.

## POOLE'S CRIMINAL HISTORY

19.     A review of POOLE's criminal history reveals that POOLE was convicted on or about August 1, 2008 in the Western District of New York for violating Title 21, United States Code 846, Conspiracy to Possess with Intent to Distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base.  POOLE was sentenced to 120 months incarceration followed by five years of post release supervision. Therefore, POOLE is a convicted felon and prohibited from possessing firearms.

## WHITFIELD'S CRIMINAL HISTORY

20.     A review of CHARLES WHITFIELD, III, criminal history reveals WHITFIELD has multiple prior felony convictions, including at November 13, 2018 conviction in Monroe County Court, Rochester, of Attempted Criminal Possession of a Weapon 2nd. WHITFIELD was sentenced to 60 months incarceration with five years parole supervision to follow. WHITFIELD is currently under New York State Parole supervision. Therefore, WHITFIELD is a convicted felon and prohibited from possessing firearms.

## PARKERS' CRIMINAL HISTORY

21.     A review of PARKERS' criminal history reveals that PARKER has multiple prior felony convictions, including a August 25, 2010 conviction in the Western District of New York for violating Title 18, United States Code, Section 1349, Conspiracy to Commit Bank Fraud, and was sentenced to 30 months incarceration followed by five years of post release supervision. In

2011, PARKER was convicted for failing to surrender for the service of a federal sentence and sentenced to 18 months consecutive incarceration. Therefore, PARKER is a convicted felon and prohibited from possessing firearms.

## CONCLUSION

22.    Based on the foregoing information, your affiant submits that probable cause exists to believe that between in or about 2025 and on or about March 31, 2025, in the Western District of New York, FREDERICK L. POOLE III, TRYN PARKER and CHARLES O. WHITFIELD III violated Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), (b)(1)(B), (b)(1)(C) and 846 (possession with intent to distribute, and conspiracy and to possess with intent to distribute 400 grams or more of fentanyl, 50 grams or more of methamphetamine, 28 grams or more of cocaine base and cocaine) and also violated Title 18, United States Code, Sections 924(c)(1)(A)(i) and 922(g)(1)(possession of a firearm in furtherance of drug trafficking and possession of a firearm by a convicted felon).

_____
Aaron M. Kraham
Special Agent
Homeland Security Investigations

Affidavit and Criminal Complaint submitted electronically
by email in .pdf format. Oath administered, and contents
and signature attested to me and before me as true and accurate
telephonically pursuant to Fed. R. Crim.P. 4.1 and 4(d)
on April __4__, 2025.

_____
HON. COLLEEN D. HOLLAND
United States Magistrate Judge